**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: UNITED STATES OF AMERICA<br>_____<br><br>UNITED STATES OF AMERICA, et al.;<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON, EUGENE,<br><br>Respondent,<br><br>STATE OF ALABAMA,<br><br>Defendant,<br><br>XIUHTEZCATL TONATIUH M., through his Guardian Tamara Roske-Martinez, et al.;<br><br>Real Parties in Interest,<br><br>THE NATIONAL ASSOCIATION OF MANUFACTURERS, et al.;<br><br>Intervenors,<br><br>----------------------------------------<br><br>ENVIRONMENTAL JUSTICE CLINIC - UNIVERSITY OF MIAMI SCHOOL OF LAW, et al.; | No. 24-684<br><br>D.C. No.<br>6:15-cv-1517<br>District of Oregon,<br>Portland<br><br>ORDER |

Amici Curiae.

Before: BENNETT, R. NELSON, and MILLER, Circuit Judges.

In the underlying case, twenty-one plaintiffs (the Juliana plaintiffs) claim that—by failing to adequately respond to the threat of climate change—the government has violated a putative "right to a stable climate system that can sustain human life." *Juliana v. United States*, No. 6:15-CV-01517-AA, 2023 WL 9023339, at *1 (D. Or. Dec. 29, 2023). In a prior appeal, we held that the Juliana plaintiffs lack Article III standing to bring such a claim. *Juliana v. United States*, 947 F.3d 1159, 1175 (9th Cir. 2020). We remanded with instructions to dismiss on that basis. *Id.* The district court nevertheless allowed amendment, and the government again moved to dismiss. The district court denied that motion, and the government petitioned for mandamus seeking to enforce our earlier mandate. We have jurisdiction to consider the petition. *See* 28 U.S.C. § 1651. We grant it.

1. "[M]andamus is an extraordinary remedy . . . reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988). "[M]andamus is the appropriate remedy" when "sought on the ground that the district court failed to follow the appellate court's mandate." *Vizcaino v. U.S. Dist. Ct. for W. Dist. of Wash.*, 173 F.3d 713, 719 (9th Cir. 1999); *see also United States v. U.S. Dist. Ct. for S. Dist. of N.Y.*, 334 U.S. 258, 263 (1948). We review a

district court's compliance with the mandate de novo. *Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1080 (9th Cir. 2010).

2. The petition accuses the district court of failing to execute our mandate on remand. District courts must "act on the mandate of an appellate court, without variance or examination, only execution." *United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006). "[T]he only step" that a district court can take is "to obey the mandate." *Rogers v. Consol. Rock Prods. Co.*, 114 F.2d 108, 111 (9th Cir. 1940). A district court must "implement both the letter *and the spirit* of the mandate, taking into account the [prior] opinion and the circumstances it embraces." *Pit River Tribe*, 615 F.3d at 1079 (emphasis added) (cleaned up).

3. In the prior appeal, we held that declaratory relief was "not substantially likely to mitigate the plaintiffs' asserted concrete injuries." *Juliana*, 947 F.3d at 1170. To the contrary, it would do nothing "absent further court action," which we held was unavailable. *Id.* We then clearly explained that Article III courts could not "step into the[] shoes" of the political branches to provide the relief the Juliana plaintiffs sought. *Id.* at 1175. Because neither the request for declaratory relief nor the request for injunctive relief was justiciable, we "remand[ed] th[e] case to the district court with instructions to dismiss for lack of Article III standing." *Id.* Our mandate was to dismiss.

4. The district court gave two reasons for allowing amendment. First, it concluded that amendment was not expressly precluded. Second, it held that intervening authority compelled a different result. We reject each.

The first reason fails because we "remand[ed] . . . with instructions to dismiss for lack of Article III standing." *Id.* Neither the mandate's letter nor its spirit left room for amendment. *See Pit River Tribe*, 615 F.3d at 1079.

The second reason the district court identified was that, in its view, there was an intervening change in the law. District courts are not bound by a mandate when a subsequently decided case changes the law. *In re Molasky*, 843 F.3d 1179, 1184 n.5 (9th Cir. 2016). The case the court identified was *Uzuegbunam v. Preczewski*, which "ask[ed] whether an award of nominal damages by itself can redress a past injury." 141 S. Ct. 792, 796 (2021). Thus, *Uzuegbunam* was a damages case which says nothing about the redressability of declaratory judgments. Damages are a form of retrospective relief. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 608–09 (2001). Declaratory relief is prospective. The Juliana plaintiffs do not seek damages but seek only prospective relief. Nothing in *Uzuegbunam* changed the law with respect to prospective relief.

We held that the Juliana plaintiffs lack standing to bring their claims and told the district court to dismiss. *Uzuegbunam* did not change that. The district court is

instructed to dismiss the case forthwith for lack of Article III standing, without leave to amend.

**PETITION GRANTED.**