No. 24-684

___

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

___

*IN RE UNITED STATES*

UNITED STATES OF AMERICA, ET AL.,
*Defendants,*

*v.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON,
*Respondent on Petition for Writ of Mandamus,*
and
KELSEY CASCADIA ROSE JULIANA, ET AL.,
*Real Parties in Interest and Plaintiffs*

___

On Petition for a Writ of Mandamus to the
United States District Court for the District of Oregon
Civil Action No. 6:15-cv-1517

___

**BRIEF OF UC IRVINE LAW SCHOOL CIVIL RIGHTS LITIGATION CLINIC AND UCLA HUMAN RIGHTS LITIGATION CLINIC AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS AND REAL PARTIES IN INTEREST AND IN SUPPORT OF MOTION FOR RECONSIDERATION EN BANC**

___

Paul Hoffman
UC Irvine School of Law
Civil Rights Litigation Clinic
P.O. Box 5479
Irvine, CA 92616-5479
(818) 486-3636
CAB #71244
hoffpaul@aol.com
*Counsel of Record*

William J. Aceves
California Western School of Law
225 Cedar Street
San Diego, CA 92101
(619) 515-1589
CAB #151031
wja@cwsl.edu

Counsel for *Amici Curiae*

## CORPORATE DISCLOSURE STATEMENT AND RULE 29 STATEMENT

Pursuant to Fed. R. App. P. 26.1, *Amici* states that no party to this brief is a publicly held corporation, issues stock, or has a parent corporation.

*Amici* received the written consent of both Plaintiffs/Real Parties in Interest and Defendants to file this brief subject to compliance with the applicable deadlines and rules. No counsel for any party authored any part of this brief, and no party, their counsel, or anyone other than *Amici* has made a monetary contribution intended to fund its preparation or submission.

Dated: June 26, 2024　　　　　　　　　　s/ Paul Hoffman
　　　　　　　　　　　　　　　　　　　UC Irvine School of Law
　　　　　　　　　　　　　　　　　　　Civil Rights Litigation Clinic
　　　　　　　　　　　　　　　　　　　P.O. Box 5479
　　　　　　　　　　　　　　　　　　　Irvine, CA 92616-5479
　　　　　　　　　　　　　　　　　　　(818) 486-3636
　　　　　　　　　　　　　　　　　　　CAB #71244
　　　　　　　　　　　　　　　　　　　hoffpaul@aol.com

　　　　　　　　　　　　　　　　　　　Counsel for *Amici Curiae*

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT AND RULE 29 STATEMENT ..... ii

TABLE OF CONTENTS ................................................................................... iii

TABLE OF AUTHORITIES .............................................................................. iv

INTEREST OF *AMICI CURIAE* ........................................................................ 1

SUMMARY OF ARGUMENT .......................................................................... 2

ARGUMENT ...................................................................................................... 5

    I.    NEITHER RULE 15 NOR ANY OTHER APPLICABLE FEDERAL RULE LIMITS THE AUTHORITY OF THE DISTRICT COURT TO GRANT LEAVE TO AMEND A PLEADING ............................................................................. 5

    II.   THE NINTH CIRCUIT'S LONGSTANDING PRACTICE REGARDING LEAVE TO AMEND REINFORCES THIS REASONABLE INTERPRETATION OF RULE 15 ......................... 7

CONCLUSION ................................................................................................. 10

CERTIFICATE OF COMPLIANCE ................................................................ 12

# TABLE OF AUTHORITIES

**Federal Rules and Statutes**

FED. R. CIV. P. R. 15 ……………………………………………………*passim*

FED. R. APP. P. 29 …………………………………………………………1


**Federal Cases**

Bacon v. Woodward,
   2024 WL 3034850 (9th Cir. June 18, 2024) ..……………………………………7

Bafford v. Administrative Committee of Northrop Grumman Pension Plan,
   101 F.4th 641 (9th Cir. 2024) ……………………………………………………11

Chang v. Chen,
   80 F.3d 1293 (9th Cir. 1996)………………………………………………………7

Creech v. Tewalt,
   84 F.4th 777 (9th Cir. 2023)..……………………………………………………10, 11

Creech v. Tewalt,
   997 F.3d 893 (9th Cir. 2021) ..……………………………………………………9

Crosby v. Shinn,
   695 F. App'x 275 (9th Cir. 2017) …………………………………………………7–8

DCD Programs, Ltd. v. Leighton,
   833 F.2d 183 (9th Cir. 1987)………………………………………………………7

Eminence Cap., LLC v. Aspeon, Inc.,
   316 F.3d 1048 (9th Cir. 2003) ……………………………………………………7

Foman v. Davis,
   371 U.S. 178 (1962)………………………………………………………………6

In re Molasky,
 843 F.3d 1179 (9th Cir. 2016)...……………………………………………………9

Juliana v. United States,
 947 F.3d 1159 (9th Cir. 2020)...……………………………………………………2

Juliana v. United States,
 2023 WL 3750334 (D. Ore. June 1, 2023)...…………………………………………2

Lipton v. Pathogenesis Corp.,
 284 F.3d 1027 (9th Cir. 2002)...………………………………………………6–7

Lopez v. Smith,
 203 F.3d 1122 (9th Cir. 2000). ………………………………………………………7

Maple v. Costco Wholesale Corp.,
 649 F. App'x 570 (9th Cir. 2016)...……………………………………………………8

Mejia v. Miller,
 53 F.4th 501 (9th Cir. 2022)...………………………………………………………7

Minidoka Irrigation Dist. v. Dep't of Interior,
 406 F.3d 567 (9th Cir. 2005)   ………………………………………………………9

Nguyen v. United States,
 792 F.2d 1500 (9th Cir. 1986)  ………………………………………………………8

Old Person v. Brown,
 312 F.3d 1036 (9th Cir. 2002)  ………………………………………………………9

Quern v. Jordan,
 440 U.S 332 (1979)  …………………………………………………………………8

Richardson v. U.S.,
 841 F.2d 993 (9th Cir. 1988).   ………………………………………………………9

San Francisco Herring Association v. U.S. Department of the Interior,
 946 F.3d 574 (9th Cir. 2019)……………………………………………………………8

Sierra Club v. Penfold,
    857 F.2d 1307 (9th Cir. 1988) ……………………………………………………8

Sprague v. Ticonic National Bank,
    307 U.S. 161 (1939) ………………………………………………………………8

United States v. Bad Marriage,
    439 F.3d 534 (9th Cir. 2006)………………………………………………………9

United States v. United States District Court for the District of Oregon,
    Eugene, No. 24-684, slip op. (9th Cir., May 1, 2024) ……………………*passim*

Uzuegbunam v. Preczewski,
    141 S. Ct. 792 (2021). …………………………………………………………….3

**Miscellaneous Authorities**

Andrew Bradt & Calen Bennett, *Adult Supervision? Appellate Review,
    Mandamus, and the Federal Rules in Multidistrict Litigation*,
    50 FL. ST. U. L. REV. 187 (2022)..…………………………………………………6

Bryan Vega, *A Bite from the Poisonous Apple: How the Supreme Court
    Missed A Chance to Settle the Existing Tension Between the PSLRA
    and Rule 15(a)*, 68 U. MIAMI L. REV. 793 (2014)………………………………6

WRIGHT & MILLER, 16 FED. PRAC. & PROC. JURIS. § 3935.7 (3d ed. 2024) ………3

WRIGHT & MILLER, 6 FED. PRAC. & PROC. CIV. § 1471 (3d ed. 2024)…………….6

## INTEREST OF *AMICI CURIAE*

Pursuant to Fed. R. App. P. 29 and Circuit Rule 29-2(a), *Amici* respectfully submits this brief in support of Plaintiffs and Real Parties in Interest.[1] Both parties have consented to the filing of this brief, subject to compliance with the applicable deadlines and rules.

The Civil Rights Litigation Clinic ("CRLC") at the University of California Irvine Law School is a pro bono legal services clinic dedicated to representing underserved communities in civil rights and human rights cases globally. Because of its commitment to the rule of law, CRLC recognizes the value of a clear and consistent system of procedural rules to regulate civil litigation, including the right of litigants to amend their pleadings. The Human Rights Litigation Clinic ("HRLC") at UCLA School of Law is a pro bono legal services clinic dedicated to pursuing human rights accountability in domestic courts, including impact litigation on behalf of vulnerable communities. The HRLC has found that the right of litigants to amend their pleadings is crucial when their claims are brought against powerful actors such as governments or corporations. *Amici* would like to provide the Court with an additional perspective on these issues. They believe this submission will assist the Court in its deliberations.

---

[1] Pursuant to Fed. R. App. P. 29(a), *Amici* state that no counsel for a party authored this brief in whole or in part, and no person other than *amici curiae* or their counsel made a monetary contribution to its preparation or submission.

1

## SUMMARY OF ARGUMENT

This *amicus* brief addresses a narrow question that warrants en banc review: does an appellate court's remand of a case to the district court with instructions to dismiss bar the district court from subsequently considering a motion to amend the complaint. Neither the text of the applicable Federal Rule of Civil Procedure nor this Circuit's longstanding practice on the amendment of pleadings requires such an outcome.

This case was originally filed in 2015. After extensive pleading and procedural rulings, the Ninth Circuit concluded in 2020 that the plaintiffs' claims could not be redressed by the federal courts. *Juliana v. United States*, 947 F.3d 1159, 1169 (9th Cir. 2020). For this reason, the panel remanded the case "with instructions to dismiss for lack of Article III standing." *Id.* at 1175. That was the extent of the panel's mandate.

Subsequently, the plaintiffs moved to file a second amended complaint. And in June 2023, the district court granted the plaintiffs' motion. *Juliana v. United States*, 2023 WL 3750334 (D. Ore. June 1, 2023). It did so pursuant to Rule 15 of the Federal Rules of Civil Procedure, which has long been interpreted to convey a liberal standard for the amendment of pleadings. The district court's decision to grant leave to amend was predicated on several factors, including a recent U.S.

2

Supreme Court ruling that directly implicated party standing.[2] *Id.* at 3–9. There was nothing in the Ninth Circuit panel's earlier decision that foreclosed the district court's authority to grant leave to amend pursuant to Rule 15. And yet, the Ninth Circuit panel granted a writ of mandamus instructing the district court to dismiss the case "without leave to amend." *United States v. United States District Court for the District of Oregon, Eugene*, No. 24-684, slip op. (9th Cir., May 1, 2024). According to the Ninth Circuit panel, mandamus was warranted because the district court failed to execute the letter and spirit of its mandate. *Id*. at 4. This extraordinary action was in error and must be corrected.[3]

En banc review is warranted in this case because the Ninth Circuit panel's decision involves a question of exceptional importance that extends far beyond the facts of this case. The decision offers a narrow interpretation of the Federal Rules of Civil Procedure that would impact a central feature of civil litigation: the ability of parties to amend their pleadings under Rule 15 with leave of court. For this reason, this Court should grant the motion for reconsideration en banc to address this important issue.

---

[2] *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021).

[3] *See* WRIGHT & MILLER, 16 FED. PRAC. & PROC. JURIS. § 3935.7 (3d ed. 2024) (noting that writs of mandamus are rare and even more so when they address orders relating to pleadings).

3

First, Rule 15 sets forth the applicable rules governing the amendment of pleadings. Rule 15(a)(1) authorizes a party to amend their pleadings "once as a matter of course" when amendments are proposed before trial. Rule 15(a)(2) applies to "all other cases." In all other cases before trial, a party may amend their pleading with "the court's leave." And, significantly, Rule 15(a)(2) states that the district court "should freely give leave when justice so requires," which conveys the core purpose of civil litigation to allow for the fair adjudication of claims. There is nothing in Rule 15 or any other applicable Federal Rule that limits the authority of the district court to grant leave to amend a pleading. The explicit language of Rule 15(a)(2) authorizing the district court to consider allowing an amended pleading in "all other cases" makes this clear.

Second, this Circuit's longstanding practice reinforces this reasonable interpretation of Rule 15. On many occasions, the Ninth Circuit has allowed a party to amend their pleadings even after a mandate was issued. Moreover, such an outcome may be necessary when controlling authority has changed. Indeed, the Ninth Circuit panel's May 1, 2024 decision granting the writ of mandamus in this case acknowledged this. *United States v. United States District Court for the District of Oregon, Eugene*, slip op. at 4 ("District courts are not bound by a mandate when a subsequently decided case changes the law."). If the Ninth Circuit

4

panel's decision is not corrected, it would invite district courts to self-censor their own Rule 15 determinations, even when controlling authority has changed.

For these reasons, the motion for reconsideration en banc should be granted so that the full Circuit may consider the consequences of the panel decision, which could have a chilling effect on both litigants and federal courts in considering a central feature of civil litigation—the right of parties to amend their pleadings.

## ARGUMENT

**I.    NEITHER RULE 15 NOR ANY OTHER APPLICABLE FEDERAL RULE LIMITS THE AUTHORITY OF THE DISTRICT COURT TO GRANT LEAVE TO AMEND A PLEADING**

Federal Rule of Civil Procedure 15 sets forth the applicable rules governing the amendment of pleadings. Rule 15(a)(1) authorizes a party to amend their pleadings "once as a matter of course" when amendments are proposed before trial. Rule 15(a)(2) applies to "all other cases." In all other cases before trial, a party may amend their pleading with "the court's leave." And, significantly, Rule 15(a)(2) states that the district court "should freely give leave when justice so requires."

There is nothing in Rule 15 or any other applicable Federal Rule that limits the authority of the district court to grant leave to amend a pleading. Indeed, the

5

explicit language of Rule 15(a)(2) authorizing the district court to consider allowing an amended pleading in "all other cases" makes this clear.

There is a clear policy and practice to interpret Rule 15 in a liberal manner, thereby allowing parties leave to amend "when justice so requires." FED. R. CIV. P. R. 15(a)(2). It has long been recognized that federal policy strongly favors the determination of cases on their merits.[4] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). If civil litigation is premised on the fair adjudication of claims, justice is best served when litigants are given the "maximum opportunity" to have each claim "decided on its merits."[5] WRIGHT & MILLER, 6 FED. PRAC. & PROC. CIV. § 1471 (3d ed. 2024). This principle has been conveyed on numerous occasions by the Ninth Circuit. *See, e.g.*, *Lipton v. Pathogenesis Corp.*, 284 F.3d

---

[4] *See* Andrew Bradt & Calen Bennett, *Adult Supervision? Appellate Review, Mandamus, and the Federal Rules in Multidistrict Litigation*, 50 FL. ST. U. L. REV. 187, 202 (2022) ("[A]s every 1L plodding through the Rules knows, the policy of amendment under the Federal Rules is intentionally liberal. Indeed, while amendments to a complaint as of right are limited to twenty-one days after service or after service of a responsive pleading, a court should 'freely give leave [to amend] when justice so requires.'") (citing Rule 15).

[5] *See also* Bryan Vega, *A Bite from the Poisonous Apple: How the Supreme Court Missed A Chance to Settle the Existing Tension Between the PSLRA and Rule 15(a)*, 68 U. MIAMI L. REV. 793, 813 (2014) (arguing that a liberal amendment policy is consistent with the purpose of the Federal Rules of Civil Procedure and the obligation to "secure the just, speedy, and inexpensive determination of every action and proceeding").

6

1027, 1039 (9th Cir. 2002) (noting that leave to amend should be freely granted); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted) (highlighting that "'[R]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'"). Just two weeks ago, the Ninth Circuit reiterated this core principle. *Bacon v. Woodward*, 2024 WL 3034850, * 7 (9th Cir. June 18, 2024) ("Even if a complaint is deficient, 'we have repeatedly held that 'a district court should grant leave to amend *even if no request to amend the pleading was made*, unless it determines that the pleading could not be cured by the allegation of other facts.'"" (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations omitted) (emphasis in original)).

II. **THE NINTH CIRCUIT'S LONGSTANDING PRACTICE REGARDING LEAVE TO AMEND REINFORCES THIS REASONABLE INTERPRETATION OF RULE 15.**

This Circuit's longstanding practice reinforces this reasonable interpretation of Rule 15. When an appellate court seeks to impose additional conditions on remand, it has done so.[6] *See, e.g.*, *Mejia v. Miller*, 53 F.4th 501, 507 (9th Cir. 2022) (remanding with instructions to dismiss claim "with prejudice"); *Crosby v. Shinn*, 695

---

[6] The Ninth Circuit panel decision essentially treats a remand order the same as a remand order with prejudice. In *Eminence Cap., LLC v. Aspeon, Inc.*, the Ninth Circuit held that it was an abuse of discretion for a district to deny leave to amend without an explanation. 316 F.3d 1048 (9th Cir. 2003). According to the court, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Id.* at 1052 (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)).

7

F. App'x 275 (9th Cir. 2017) (remanding with instructions to dismiss the petition "with prejudice"); *Maple v. Costco Wholesale Corp.*, 649 F. App'x 570, 572–73 (9th Cir. 2016) (remanding with instructions to "re-enter judgment 'with prejudice'").

On many occasions, the Ninth Circuit has allowed a party to amend their pleadings even after a mandate was issued.[7] In *Nguyen v. United States*, for example, the Ninth Circuit has indicated that "[a]bsent a mandate which explicitly directs to the contrary, a district court upon remand can permit the plaintiff to file additional pleadings . . . ." 792 F.2d 1500, 1502 (9th Cir. 1986) (citations omitted). Where the mandate in a prior appeal "did not expressly address the possibility of amendment, nor was there indication of a clear intent to deny amendment seeking to raise new issues not decided by the prior appeal," the Ninth Circuit concluded that amendment was permissible. *Id.* at 1503. *See also San Francisco Herring Association v. U.S. Department of the Interior*, 946 F.3d 564, 574 (9th Cir. 2019) (quoting *Nguyen* with approval); *Sierra Club v. Penfold*, 857 F.2d 1307, 1312 (9th Cir. 1988) (same).

---

[7] *See also Quern v. Jordan*, 440 U.S 332, 347 n.18 (1979) (quoting *Sprague v. Ticonic National Bank*, 307 U.S. 161, 168 (1939) ("'While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues.'").

8

In addition, a district court is not bound by a mandate when controlling authority has changed. *In re Molasky*, 843 F.3d 1179, 1184 n.5 (9th Cir. 2016).[8] This well-established rule would apply even if a mandate would otherwise compel the district court to dismiss the case. The Ninth Circuit panel's May 1, 2024 decision granting the writ of mandamus in this case acknowledged this. *United States v. United States District Court for the District of Oregon, Eugene*, slip op. at 4 ("District courts are not bound by a mandate when a subsequently decided case changes the law."). And yet, the Ninth Circuit panel's decision would invite courts to self-censor their own Rule 15 determinations, even when controlling authority has changed.

Finally, the Ninth Circuit's recent decision in *Creech v. Tewalt* reinforces the wide discretion granted to district courts upon remand. In *Creech*, the Ninth Circuit originally issued a ruling indicating that the plaintiffs' claims did not appear to be viable but that the plaintiffs "should be permitted" to amend their complaint. 997 F.3d 893, 906 (9th Cir. 2021). On remand, however, the district

---

[8] In *Molasky*, the Ninth Circuit cited its earlier decision in *United States v. Bad Marriage*, 439 F.3d 534, 538 (9th Cir. 2006), which clarified that the "law of the case doctrine" does not bind a lower court "where intervening controlling authority makes reconsideration appropriate." *Id.* at 538 (citing *Minidoka Irrigation Dist. v. Dep't of Interior*, 406 F.3d 567, 573 (9th Cir. 2005) (quoting *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002))). *See also Richardson v. U.S.*, 841 F.2d 993, 996 (9th Cir. 1988) (indicating the "well-established exception" that "allows reexamination when 'controlling authority has made a contrary decision of law applicable to such issues.'").

9

court dismissed the complaint sua sponte, finding that further amendments would be futile. The plaintiffs challenged the district court's decision, arguing it was contrary to the rule of mandate. On appeal, the Ninth Circuit upheld the district court's dismissal, finding that its earlier mandate did not "foreclose" the district court's decision. *Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023). While the Ninth Circuit "did not anticipate the sua sponte dismissal," it acknowledged that its mandate did not foreclose it. *Id.*

If a district court has the authority to dismiss a case despite a mandate indicating that plaintiffs should be allowed to amend, then surely the reverse is also true. In this case, the Ninth Circuit may not have anticipated that the district court would consider or grant a motion to amend, but it also did not foreclose it. In this case, the district court held that a motion to amend would not be futile. Thus, the logic of the Ninth Circuit's recent decision in *Creech v. Tewalt* should apply here.

## CONCLUSION

En banc review is warranted in this case because the panel's decision involves a question of exceptional importance that extends far beyond the facts of this case—the scope of a district court's authority to amend upon remand. The panel's decision offers an interpretation that would invite district courts to self-censor their own Rule 15 determinations, even when controlling authority has

changed. This would adversely impact a central feature of civil litigation—the ability of parties to amend their pleadings with leave of court.

The scope of authority upon remand is the subject of repeated litigation and appellate review.[9] For these reasons, this Court should grant the motion for reconsideration en banc to address this important issue.

Dated: June 26, 2024                                  Respectfully submitted,

                                                      s/ Paul Hoffman
                                                      U.C. Irvine School of Law
                                                      Civil Rights Litigation Clinic
                                                      P.O. Box 5479
                                                      Irvine, CA 92616-5479
                                                      (818) 486-3636
                                                      CAB #71244
                                                      hoffpaul@aol.com

                                                      William J. Aceves
                                                      California Western School of Law
                                                      225 Cedar Street
                                                      San Diego, CA 92101
                                                      (619) 515-1589
                                                      CAB #151031
                                                      wja@cwsl.edu

                                                      Counsel for *Amici Curiae*

---

[9] *See, e.g.*, *Bafford v. Administrative Committee of Northrop Grumman Pension Plan*, 101 F.4th 641, 649 (9th Cir. 2024) (addressing the authority of the district court to allow for amendments when the appellate order does not express 'clear intent to deny amendment seeking to raise new issues not decided by the . . . appeal.'") (citations omitted); *Creech v. Tewalt*, 84 F.4th at 787 (addressing the authority of the district court to allow for amendments following remand).

11

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g) and 9th Cir. R. 29-2(c)(2), this brief was prepared using Microsoft Word and is proportionally spaced, with a 14-point Times New Roman font, and contains 2,722 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

I certify the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

Dated: June 26, 2024                             Respectfully submitted,

s/ Paul Hoffman
U.C. Irvine School of Law
Civil Rights Litigation Clinic
P.O. Box 5479
Irvine, CA 92616-5479
(818) 486-3636
CAB #71244
hoffpaul@aol.com

Counsel for *Amici Curiae*